# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 1:09-CR-79-TLS |
| | ) | |
| CURTIS WHITE | ) | |

## OPINION AND ORDER

This matter is before the Court on the Defendant Curtis White's pro se Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) [ECF No. 88], and on a Motion to Withdraw [ECF No. 102], filed by counsel. Counsel moves to withdraw on grounds that he has determined that the Defendant is not eligible for a reduction in his sentence pursuant to Amendment 782 of the United States Sentencing Guidelines. The Defendant has not responded to counsel's Motion.

For the reasons stated below, the Court finds that the Defendant is not entitled to a reduction in his sentence under 18 U.S.C. § 3582(c)(2).

## BACKGROUND

The Defendant, Curtis White, pled guilty to possessing with intent to distribute a controlled substance in violation of 21 U.S.C. § 841(a)(1). The Court sentenced the Defendant to 188 months' imprisonment. According to the Defendant's Presentence Investigation Report, the Defendant was designated as a Career Offender pursuant to U.S.S.G. § 4B1.1 based on his two prior felony drug convictions. (PSIR ¶ 34). Thus, his offense level and his criminal history category were determined by U.S.S.G. § 4B1.1. (PSIR ¶¶ 34, 43.) The offense level of 31 and criminal history category of VI yielded a Guideline range of 188 to 235 months of imprisonment.

# DISCUSSION

Courts have limited authority to modify a term of imprisonment once it is imposed. *See* 18 U.S.C. § 3582(c). An exception exists

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2); *see also United States v. Stevenson*, 749 F.3d 667, 669 (7th Cir. 2014) (noting that a court may reduce a sentence under § 3582(c)(2) "if (1) the original sentence was 'based on' a subsequently lowered sentencing range and (2) the reduction is consistent with the policy statements issued by the Commission"). A reduction in a defendant's term of imprisonment is not authorized under 18 U.S.C. 3582(c)(2) and is not consistent with the applicable policy statement if an "amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment)." U.S.S.G. § 1B1.10, Application Note 1(A).

The Defendant cites to Amendments 782 to the Sentencing Guidelines, which reduced by 2 levels the base offense levels assigned to drug quantities in § 2D1.1. Here, this Guideline amendment does not have the effect of lowering the Guideline range that is applicable to the Defendant. Even after reducing the Defendant's base offense level for the controlled substance offenses, *see* U.S.S.G. § 2D1.1, the overall guideline range remains unchanged due to the application of the career offender provision. *See United States v. Williams*, 694 F.3d 917 (7th

Cir. 2012); *United States v. Griffin*, 652 F.3d 793, 803 (7th Cir. 2011) ("Because the amendments leave the career-offender guideline unchanged and [the defendant's] offense level . . . and criminal-history category . . . were based on that guideline, *see* U.S.S.G. § 4B1.1(b), the amendments do not affect [the defendant's] applicable guidelines range."). Accordingly, the Defendant was not sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission," 18 U.S.C. § 3582(c)(2), and the relief he requests is not available.

## CONCLUSION

For the reasons stated above, the Court DENIES the Defendant's Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) [ECF No. 88], and GRANTS counsel's Motion to Withdraw [ECF No. 102]. Attorney Thomas N. O'Malley is withdrawn from further representation of the Defendant.

SO ORDERED on January 25, 2017.

    s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT